SLAGLE v. FIRST STATE BANK OF PARIS. (No. 1660.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 6, 1916. Rehearing Denied Nov. 16, 1916.)

CHATTEL MORTGAGES &#9758;126—ASSUMPTION OF MORTGAGE.

Where, after a father had .abandoned his farm and such corn as he had planted was killed by a frost, his son thereafter rented the land and planted it, he did not take over or create, as a lien on his own crop, a chattel mortgage on his father's crop by agreeing with the mortgagee that if the mortgagee would let him have horses mortgaged by his father with which to make a crop he would take over the horses, and make a

crop and then pay his father's notes, secured by the chattel mortgage on his father's crop, such agreement creating at most a personal liability.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 213–215; Dec. Dig. &#9758;126.]

Appeal from Lamar County Court; Tom L. Beauchamp, Judge.

Action by the First State Bank of Paris against J. A. Slagle and another. From judgment for plaintiff, the named defendant appeals. Reversed and remanded for another trial.

S. B. Slagle on January 21, 1914, executed to the bank his note for $111.75, and secured same by chattel mortgage on two horses. On March 31, 1914, S. B. Slagle executed another note to the bank for $82.50, and secured same by a chattel mortgage on 16 acres of cotton and 20 acres of corn to be grown by him on the farm of J. F. Darnell. Appellee bank brought the suit against S. B. Slagle and J. A. Slagle on the notes and for foreclosure of the chattel mortgage lien on the horses and crops. The petition alleged that after the execution of the notes and mortgages the defendant J. A. Slagle came into possession of the property described in the mortgages, and as a consideration for the same being turned over to him he assumed and promised to pay off the indebtedness "and ratified the mortgages given to plaintiff thereon by S. B. Slagle." A writ of sequestration was sued out by the bank and levied on certain corn, cotton, and cotton seed. J. A. Slagle, besides his answer in defense, filed a cross-action and asked for damages for the levy of sequestration on the corn, cotton, and cotton seed, which he claimed was his and without incumbrance.

J. W. Love, W. L. Hutchison, and Fred S. Dudley, all of Paris, for appellant. Wright & Patrick, of Paris, for appellee.

LEVY, J. (after stating the facts as above). The appellant by his seventh assignment of error makes the point that he was entitled to have an affirmative finding by the jury respecting damages for suing out the sequestration writ. It is believed that the contention must be sustained, the judgment reversed, and the cause remanded for another trial. As disclosed by the record, S. B. Slagle in April, 1914, abandoned his family and rental contract. Before his abandonment S. B. Slagle had planted some corn, but no other part of the crop; and at the time of the abandonment by S. B. Slagle the corn that he had planted was killed by frost. After the abandonment of the land by S. B. Slagle the owner of the land rented it to J. A. Slagle, who planted and made the crop sequestered. After S. B. Slagle had abandoned the rental contract with J. A. Slagle, it became and was a new and distinct contract from that of S. B. Slagle. And the bank's mortgage on a crop to be grown by

S. B. Slagle did not cover nor extend to the crop made and grown entirely by J. A. Slagle, unless J. A. Slagle executed a mortgage thereon. And the evidence does not show that J. A. Slagle executed any mortgage or gave any lien to the bank on his crop. The testimony on the part of the bank at most would show that appellant agreed with the bank that if the bank would let him have the horses mortgaged by his father, with which to make a crop, he (J. A. Slagle) would take over the horses and make a crop and then pay the indebtedness of the two notes. The effect of this agreement may be to hold appellant liable for the debts as a part of the consideration for the horses, but such agreement does not have the effect or intendment to create a mortgage or lien on the crop of J. A. Slagle for the debt.

For the error indicated, the judgment is reversed, and the cause remanded for another trial.